**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PHILIP RANDOLPH PHILLIPS,** ) | |
| **ID # 274498,** ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:09-CV-1131-B (BH) |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions in Cause Nos. F77-6984-KN and F77-6985-KN for aggravated kidnaping. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted in Cause Nos. F77-6984-KN and F77-6985-KN on October 19, 1977, and received life sentences. (Pet. Writ of Habeas Corpus ("Pet.") at 2.) The court of appeals affirmed the convictions on March 26, 1980, and petitioner filed no petition for discretionary review ("PDR"). (*Id.*) On March 6, 2009, he filed a state habeas application for writ of habeas corpus for each conviction, and both were denied on May 6, 2009. (*Id.* at 3.)

On June 15, 2009, petitioner filed this federal petition through counsel. (*Id.* at 1.) He claims that although he successfully challenged two cases of sexual abuse on direct appeal, the appellate

decision did not cure a due process violation caused by petitioner standing trial before a jury on four alleged crimes instead of two. (*Id.* at 5.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his convictions but filed no PDR. The state convictions therefore became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on Tex. R. App. P. 68.2 for the thirty day period to file a PDR). Petitioner's convictions became final shortly after his convictions were affirmed on appeal in 1980.[1] When a conviction becomes final before the April 24, 1996 enactment of the AEDPA, the petitioner has one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. Thus, no time may be counted against an inmate prior to April 24, 1996, the date the AEDPA was signed into law. Petitioner is entitled to the one-year grace period which would end, in the absence of tolling, on April 24, 1997.

With regard to subparagraph (D), the Court determines that the facts supporting the claim raised in this federal petition also became known or could have become known prior to the date petitioner's grace period expired on April 24, 1997. He challenges two 1977 convictions. Through the exercise of due diligence he should have learned the factual basis for his claim well before the grace period expired.

Because petitioner filed his petition more than one year after his grace period expired in

---

[1] Given AEDPA's grace period discussed *infra*, there is no need to pinpoint the exact day or month.

3

April 1997, a literal application of § 2244(d)(1) renders his June 2009 filing untimely.

### IIII.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts.  *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition in March 2009, the statutory limitations and grace period had already long expired.  Accordingly, the statutory tolling provision does not save petitioner's June 2009 federal petition.  Further, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

### IV.  RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 16th day of June, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE